# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

The parties, Steven Velie, individually and on behalf of his spouse Brandi Velie, James Dalton Holloway, individually and on behalf of his spouse Shelby Holloway, (Hereinafter "**Employees**") and South Florida Electric, LLC., a limited liability company, for and on behalf of itself and its corporate parents, subsidiaries, affiliates and related companies, all predecessors, successors and assigns of each of the foregoing, and all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, shareholders, partners, and employees of each of the foregoing (collectively, the "Defendant"), James R. Coleman, an individual, his agents, owners, assigns and heirs ["Defendants"] enter into this Confidential Settlement Agreement and General Release ( the "**Agreement**") this 8th day of June 2015, and agree as follows:

**WHEREAS, Employees** filed a lawsuit against the Defendants styled *Steven Velie and James Dalton Holloway v. south Florida Electric, LLC and James R. Coleman* Case No. 15-cv-80236 in the Southern District Court (the "Lawsuit"); and

**WHEREAS,** Employees allege in the Lawsuit that the Defendants breached obligations under the Fair Labor Standards Act; and

**WHEREAS,** there exists a bona fide dispute between Employees and the Defendants with respect to the claims made by Employees in the Lawsuit as well as any and all other claims arising from Employees' employment with the Defendants.

**NOW THEREFORE,** in full consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which is hereby acknowledged, Employees and the Defendants agree to the following terms and conditions:

1. All of the foregoing recitals are incorporated as part of these terms and conditions.

2. As consideration for this Agreement, the Defendants agree to pay the amounts set forth in this Agreement to the Employees, whom and on behalf of himself/herself, his/her heirs, executors, successors, legal representatives and assigns, agree to accept the total gross sum of One Hundred Six Thousand Dollars and xx/100 ($106,000.00) (the "Settlement Sum"). The Defendants shall be responsible for the payment of the Settlement Sum as follows:
    A. **First Payment** Defendant shall pay the sum Fifty Eight Thousand xxx/100 Dollars ($58,000.00) to the Employees and

1

EXHIBIT A

their counsel, within thirty (30) days of the court's approval of this settlement Defendant shall deliver to Plaintiff's counsel the following:
   1. Check payable to The Ticktin Law Group, P.A., in the amount of Thirty One Thousand xxx/100 Dollars ($31,000.00) for all attorney's fees and costs, tax identification number 26-2477778, for which a 1099 will be issued.
   2. Check payable to Steven Velie in the amount of Sixteen Thousand Dollars xx/100 ($16,000.00) less applicable withholdings.
   3. Check payable to James Dalton Halloway in the amount of Eleven Thousand xxx/100 ($11,000.00) less applicable withholdings.

Defendants shall issue W-2 forms for all payments subject to withholdings and remain responsible for all tax payments.

During the time the Employees contend they were employed with Defendants, the Employees acknowledge that this payment is for, among other things, all wages, overtime, commissions and the like earned during the time they were employed with Defendants.

   B. The remaining payment on the Settlement Balance of $48,000.00 shall be paid divided and paid to Plaintiffs as follows: $10,000.00 to James Holloway and $38,000.00 Steven Velie. The payments shall be made under the following agreed payment plan:

       1. Beginning on the 1st day of the month following the First Payment and continuing for ten months thereafter, Defendants shall deliver a check care of Plaintiff's Counsel payable to James Dalton Halloway in his individual capacity in the amount of One Thousand Dollars xx/100 ($1,000.00) without for which a 1099 will be issued; and
       2. Beginning on the 1st day of the month following the First Payment and continuing for 10 months thereafter, Defendants shall deliver a check care of Plaintiff's counsel payable to Steven Velie in the amount of One Thousand Five Hundred xxx/100 ($1,500.00) without for which a 1099 will be issued. The balance of the settlement owed to Velie, $23,000.00 shall be paid in five equal installments of $4,600.00 beginning on the 1st day of month following the payments in this paragraph.

3. Employees accept the consideration set forth in this Agreement as payment in full satisfaction and settlement of any and all claims, causes of action and suits, debts, accounting or judicial, administrative or regulatory proceedings Employees have, had or may have against the Released Parties, as defined in Paragraph 4 hereof.

4. **Employees**, in consideration of the promises and covenants in this Agreement, and including the Settlement Sum to be paid by the **Defendants,** and other good and valuable consideration, hereby release, discharge and covenant not to sue the Defendants, their parent, subsidiaries, affiliated entities, predecessors and successors in interest, assigns, officers, attorneys, directors, employees, agents, and shareholders (collectively, the "Released Parties") with respect to any and all claims, demands, damages, lawsuits, obligations, promises, administrative actions and causes of action, both known or unknown, in law or in equity, of any kind whatsoever, which **Employees** ever had, now have, or may have against the Released Parties for, upon or by reason of any matter, cause or thing whatsoever. **Employees** agree and acknowledge that this release and waiver includes, but is not limited to, (i) any and all claims and causes of action that were or could have been in the Lawsuit; (ii) any and all claims and causes of action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2001e, *et seq.*, as amended; the Americans with Disabilities Act, 42 U.S.C. § 21101, *et seq.*, as amended; the Age Discrimination in Employment Act, 29 U.S.C. § 201, *et seq.*, as amended (including the amendments of the Older Workers Benefit Protection Act of 1990) (collectively, the "ADEA"); the Worker Adjustment and Retraining Notification Act of 1988 (also known as "WARN"); the Equal Pay Act of 1963; the Florida Human Rights Act of 1977 and the Florida Civil Rights Act of 1992, as amended, Chapter 760, Florida Statutes; the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, as amended; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, as amended, The Florida Whistleblower's Act, Fla. Stat. §448.01, *et seq.*, and any other federal, state or local statute or ordinance relating to or dealing with employment discrimination; and (iii) any and all claims and causes of action for breach of an employment contract (whether express or implied) or tort damages and/or personal injury as a result of **Employees'** employment with **the Defendants. Employees** acknowledge that the release and waiver herein is made knowingly and voluntarily.

**Employees** agree to fully release Con Edison Solutions, including their corporate parents, subsidiaries, affiliates and related companies, all predecessors, successors and assigns of each of the foregoing, and all past and present representatives, their affiliates from any and all

claims, liability including but not limited to liability associated with the payment of wages, their employment with Defendants.

5. For all payments not subject to withholding taxes, Employees, and each of them, understand that they will remain responsible for all taxes associated with those payments and shall hold-harmless said Defendants for any and all tax liability.

6. **Employees** shall file with the Court in which the Lawsuit is pending a Dismissal with Prejudice and shall otherwise assist in obtaining Court approval.

7. Neither this Agreement nor anything contained herein shall constitute or is to be construed as an admission by any of the **Released Parties** or as evidence of any liability, wrongdoing, violation of any law or unlawful conduct by the **Released Parties**.

8. If any provision of this Agreement is invalidated by a court of competent jurisdiction, then all of the remaining provisions shall remain in full force and effect, provided that the parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

9. The parties acknowledge that each party and his, her or its counsel have reviewed and revised this Agreement and that this Agreement has been voluntarily and negotiated at "arms length." Consequently, the parties agree that no rule of construction which would result in an interpretation or construction in favor of or to the detriment of one of the parties or the other shall apply in construing or interpreting this Agreement or any provision hereof.

10. Each party agrees to bear its own attorney's fees and costs, and shall not seek any additional fees or costs from the other party. However, if any action or proceeding is brought to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to recover its costs of court, including all reasonable attorney's fees at all trial and appellate levels.

11. This Agreement constitutes the entire Agreement between the parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all Agreements or communications, whether written or oral, previously made in connection with the matters set forth herein. Any Agreement to amend or modify the terms and conditions of this Agreement must be in writing and executed by the parties hereto.

12. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida (venue - Palm Beach County, Florida) without regard to principles of conflicts law.

13. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns.

14. The waiver by any party of any breach of any provision, covenant or condition of this Agreement shall not be construed as a waiver of any subsequent breach of such provision, covenant or condition or the breach of any other provisions, covenant or condition of this Agreement.

15. **Employees, and each of them**, expressly acknowledge and agree that this Agreement constitutes written advice to consult with an attorney prior to executing this Agreement, and that she/he, in fact, has conferred with counsel of his/her choice regarding this Agreement. Further, **Employees, and each of them, expressly** acknowledge and agree that she/he has had a reasonable amount of time within which to review this Agreement, and she/he has received all information required to knowingly execute this Agreement.

16. **Employees** understand and acknowledge that: (1) by signing this Agreement she/he is waiving any and all rights she/he may presently have against the Released Parties, including, but not limited to, those under the FLSA and the ADEA; and (2) she/he enters into this Agreement freely and voluntarily without any coercion or duress, and after she/he and her/his counsel have carefully reviewed and completely read all of the provisions of this Agreement.

17. In the event either of the **Released Parties** fail to make a payment due hereunder more than fifteen (15) days after the due date, Employees shall be entitled to an automatic Judgment for the amount of $150,000.00, less any payments. Accordingly, in the event of a default in excess of fifteen (15) days by Defendants, Plaintiffs shall be entitled to the entry of a Judgment in their favor, and against Defendants. Prior to the entry of any judgment and as a condition precedent, Plaintiff shall deliver a written notice of breach to the Defendants and Defendants shall have 15 business days to cure the breach prior to the entry of the judgment from the date of notice. Notice shall be sent via certified mail to the Defendants' counsel. Employees shall, in addition to the principal amount due, be entitled to interest at the prevailing interest rate and reasonable attorney's fees and costs incurred in the enforcement of this Agreement. The parties agree that any additional

attorneys' fees assessed shall be assessed against the breaching Defendants.

18. James R. Coleman, by signing this Agreement below, hereby consent and agree to South Florida Electric, LLC entering into and performing this Agreement.

19. The parties agree that they will not disparage the other. They will refrain from making any and all negative comments about the other. The Defendants will provide only the dates of employment and the position held for the Plaintiffs. Plaintiffs, and their spouses agree to be bound by the confidentiality provisions of this document and this provision. By doing so, Plaintiffs and their spouses agree they will not make negative or derogatory comments about the Defendants. They agree not to encourage or entice any entity or person from doing business with Defendants or otherwise from interfering with Defendants' business. Plaintiffs and their spouses agree not to encourage or entice any other party to bring a claim against Defendants. Plaintiffs shall not be held in violation of this provision by having conversations with tax professionals or the IRS relating to their employment. The parties agree and understand that the confidential nature of this agreement and the non disparagement provisions are material terms which have induced the parties to a settlement.

20. The Defendants shall be responsible for the cost of mediation.

**IN WITNESS WHEREOF**, each party to this Agreement has caused it to be executed on this _8_ day of June 2015 knowingly and voluntarily, and with advice of counsel.

_____     _____6/8/15_____
STEVEN VELIE                        DATED

_____     _____6/8/15_____
COUNSEL FOR STEVEN VELIE            DATED

_____     _____6/8/15_____
JAMES D. HOLLOWAY                   DATED

6

_____  ____6/8/15____
COUNSEL FOR JAMES D. HOLLOWAY       DATED

_____  ____6/8/2015____
BY: JAMES R. COLEMAN            DATED
FOR SOUTH FLORIDA ELECTRIC, LLC

_____  ____6/8/15____
BY: Amie Patty, Esq. for Anderson Law Group  DATED
ATTORNEY FOR SOUTH FLORIDA ELECTRIC, LLC

_____  ____6/8/2015____
JAMES R. COLEMAN                DATED

7

The spou~~ses agree~~

_[signature]_  
BRANDI VELIE

_[signature]_  
SHELBY HOLLOWAY

6/8/15  
DATED

06/08/2015  
~~D~~ATED

8